ALEXANDER CHALMERS *v.* DAVID MELVILLE.

When the party is himself at fault, in not giving reasonable time to a witness to prepare to attend the trial, the non-attendance of the witness will be excused on light grounds, although the shortness of the notice is not, *per se*, an excuse.

Accordingly, the court refused to punish a witness by attachment, as for a contempt in disobeying a subpœna, which was served at 12, noon, on Saturday, and required his attendance before a referee in the afternoon of the same day, the witness having made arrangements to leave the city for the Sabbath, and his family being already on board the steamboat.

When the excuse of the witness is sufficient, and is fully disclosed to the party when the subpœna is served, and the witness offers to attend before the referee immediately upon his return the Monday following; if the party moves for an attachment, he will be charged with the costs thereon.

*It seems,* that exigencies, rendering a longer notice impracticable, and being explained to the witness upon the service of the subpœna, might impose upon him the duty of making great sacrifices to obey the writ; and a summons, issued on an express order, for an examination *de bene esse,* where the discretion of the judge has been exercised in fixing the time for his attendance in view of the exigencies of the case, requires instant diligence on the part of the witness, to obey the mandate.

THIS was an appeal from an order denying a motion for an attachment against a witness, as for a contempt of court, in disobeying a subpœna. The writ was served at about 12, noon, on Saturday, returnable before a referee at $3\frac{1}{2}$ on the afternoon of the same day. The witness had closed his house, and his family were, at the time of the service, already on board the steamboat for Long Branch. These facts were explained to the party making the service, and the witness expressed his willingness to attend before the referee upon his return to the city, the Monday following.

It was remarked, by DALY, J., in denying the motion at special term, that "before the court will grant an attachment against a witness, there must be a clear case of contempt; (*Holmes* v. *Smith*, 1 Marsh. 410 ;) and a witness must have a reasonable time to adjust his affairs, that he may suffer as little prejudice

as possible by reason of his attendance. (*Hammond* v. *Stewart*, 1 Strange, 510.)"

*John Aitken*, for the appellant.

*H. R. Cummings*, *H. M. Alexander*, and *A. Green*, for the witness.

By THE COURT. WOODRUFF, J.—I have no hesitation whatever in saying, that the order appealed from should be affirmed. A party, on whose behalf a witness is summoned to testify, has it in general in his power to issue his subpœna, and give the desired witness the most ample time to make the arrangements necessary to enable him to attend without injury, and usually without inconvenience, to himself; and where he does give the witness reasonable notice, none but the clearest evidence of inability, or such sickness in his family as would create a higher duty to remain at home, should excuse his disobedience.

But when the party thinks proper to delay the service of a subpœna to the very day of the trial, he is in no condition to insist upon any such rule. It is as much his duty to give the witness such reasonable time as the case will allow, to the end that his affairs may not be deranged by attendance, as it is the duty of the witness to attend for the benefit of the party.

A witness thus unreasonably served with a subpœna will, therefore, be held excusable on comparatively slight grounds, because the *party* is himself in fault.

We do not, by any means, intend to say that the shortness of the notice to the witness is, *per se*, an excuse, but that a witness so summoned will be excused on much lighter grounds. He is not bound to use the same endeavors to attend as would be his duty if a reasonable time had been given.

There may be exigencies in which a longer notice is impracticable, which, being explained to a witness when served with a subpœna, might impose upon him the duty of making great sacrifices in order, if possible, to obey the writ; and no

doubt a summons issued on the express order of a judge for a *de bene esse* examination, (in which the discretion of the judge has been exercised in fixing the time for his attendance, in view of the exigencies of the case,) requires instant diligence on the part of the witness to obey the mandate.

But after a voluntary delay of a party until within three or four hours of the time of the trial, the service of a subpœna for an afternoon at the close of the week, in midsummer, ought not to entitle him to attach the witness, unless it was *quite convenient* for him to attend, and he perversely neglected to do so.

Certainly the witness was not bound to alter his whole arrangements and those of his family, and subject himself and them to inconvenience, on a summons so served within an hour of their departure from the city.

The cases cited from 2 J. C. 109, 15 Wend. 602, in no wise conflict with these views.

The attachment was, therefore, properly refused.

Had the witness merely refused to attend, and left the plaintiff's attorney to believe that such refusal was willful and without just reason, the costs ought not to be allowed to him; but here the witness fully explained the reasons why he could not attend on so short notice, and offered to attend on the Monday following.

We think the reasons for his non-attendance were quite sufficient, and ought so to have been regarded by the plaintiff; and he having, with full notice of the excuse, put the witness to the expense of defending a motion for an attachment, the only error, if any, which occurred in the exercise of the judge's discretion below, was that he did not allow a larger sum as costs.

The order must be affirmed, with $10 costs, to be paid by the appellant to the witness.

Order appealed from affirmed with costs.